STRADLEY RONON STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
By:  Francis X. Manning
     Joshua R. Dutill
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002
(856) 321-2400
(856) 321-2415 (fax)

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o L.K. and D.C., Y.G. and S.C.<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendants. | No. 2:13-cv-02217-ES-SCM<br><br>Filed Electronically<br><br>ANSWER OF MORGAN STANLEY TO AMENDED COMPLAINT |

Defendant Morgan Stanley responds to the Amended Complaint as follows:

## AS TO THE PARTIES

1.    Morgan Stanley is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.    Admitted.

3.    Morgan Stanley admits only that venue in this Court is proper.

4.    Denied as stated. Morgan Stanley & Co. Incorporated is the Plan Sponsor of the Morgan Stanley Health & Insurance Benefits Plan (the "Morgan Stanley Plan").  Certain medical benefits under the Morgan Stanley Plan are self-funded.

5-8. Denied as stated. To the extent that Morgan Stanley has correctly identified the individuals associated with the initials L.K., D.C., Y.G., and S.C., it admits that they are or were participants in, or beneficiaries of, the Morgan Stanley Plan.

9.    The allegations in paragraph 9 constitute conclusions of law to which no response is required.  To the extent that a response is deemed required, Morgan Stanley states as follows:  Denied.

<u>AS TO SUBSTANTIVE ALLEGATIONS</u>

10.   The allegations in paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Morgan Stanley states as follows:  Denied.

11.    The allegations in paragraph 11 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Morgan Stanley states

as follows:  No request was made of Morgan Stanley to approve
the surgical procedures. Morgan Stanley is without knowledge or
information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 11.

12.  The allegations in paragraph 12 constitute
conclusions of law to which no response is required.  To the
extent that a response is deemed required, Morgan Stanley states
as follows:  Morgan Stanley denies that Plaintiff is entitled to
what Plaintiff defines as the "usual and customary," the
"reasonable and customary," or the "UCR" fee.

13-17.  The allegations in paragraphs 13 through 17
constitute conclusions of law to which no response is required.
To the extent that a response is deemed required, Morgan Stanley
states as follows:  Denied.

18.  The allegations in paragraph 18 constitute
conclusions of law to which no response is required.  To the
extent that a response is deemed required, Morgan Stanley states
as follows:  Morgan Stanley denies that Plaintiff is entitled to
payment or damages in any amount from it or from the Morgan
Stanley Plan.

19.    The allegations in paragraph 19 constitute conclusions of law to which no response is required.   To the extent that a response is deemed required, Morgan Stanley states as follows:   Denied.

20.    Denied as stated. Morgan Stanley did not issue any payment to Plaintiff.

21.    The allegations in paragraph 21 constitute conclusions of law to which no response is required.   To the extent that a response is deemed required, Morgan Stanley states as follows:   Morgan Stanley denies that Plaintiff is entitled to payment or damages in any amount from it or from the Morgan Stanley Plan.

## AS TO FIRST COUNT

22.    Morgan Stanley incorporates its responses to paragraphs 1 through 21 as if set forth herein at length.

23.    The allegations in paragraph 23 constitute conclusions of law to which no response is required.

24-27.    The allegations in paragraphs 24 through 27 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Morgan Stanley states as follows: Denied.

- 4 -

28.   The allegations in paragraph 28 constitute conclusions of law to which no response is required.  To the extent that a response is deemed required, Morgan Stanley states as follows:  Morgan Stanley did not and does not administer the Morgan Stanley Plan. Morgan Stanley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29-35.   The allegations in paragraphs 29 through 35 constitute conclusions of law to which no response is required. To the extent that a response is required, Morgan Stanley states as follows:  Denied.

## AS TO SECOND COUNT

36.   Morgan Stanley incorporates its responses to paragraphs 1 through 35 as if set forth herein at length.

37-42.   The allegations in paragraph 37 through 42 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Morgan Stanley states as follows:  Denied.

## AS TO THIRD COUNT

43.   Morgan Stanley incorporates its responses to paragraphs 1 through 42 as if set forth herein at length.

44-47.   The allegations in paragraph 44 through 47 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Morgan Stanley states as follows:  Denied.

## AS TO FOURTH COUNT

48.   Morgan Stanley incorporates its responses to paragraphs 1 through 47 as if set forth herein at length.

49.   The allegations in paragraph 49 are not directed to Morgan Stanley and therefore no response is required from it.

## DEFENSES

1.   Plaintiff's Complaint fails to state a claim against Morgan Stanley upon which relief can be granted.

2.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to assert them.

3.   Plaintiff's claims are barred, in whole or in part, by the terms, conditions, and exclusions of any applicable agreements and plans, and its remedies, if any, are limited thereby.

4.      Plaintiff's state law claims are preempted by ERISA, 29 U.S.C. § 1001, *et seq.*

5.      Plaintiff's claims are barred or limited by ERISA, 29 U.S.C. § 1001, *et seq.*

6.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff or its assignors failed to exhaust all administrative remedies or otherwise comply with the terms of any applicable agreements and plans.

7.      Plaintiff's claims are barred because the benefit determinations at issue were not an abuse of discretion, arbitrary, capricious, without reason, unsupported by substantial evidence, or erroneous as a matter of law.

8.      Plaintiff's claims are barred, in whole or in part, by the applicable statutory or contractual limitations on actions.

9.      Morgan Stanley has no obligation, by operation of law or otherwise, for the liabilities that Plaintiff asserts.

10.     Morgan Stanley had no duty to Plaintiff or its assignors.

11.     Morgan Stanley properly discharged any duty it had to Plaintiff or its assignors.

**WHEREFORE**, defendant Morgan Stanley demands that the Court enter judgment in its favor and against Plaintiff on all claims, and that the Court award it the costs and fees it incurs in defending itself, and for such other relief as the Court may deem just and proper.

/s/ Francis X. Manning
Francis X. Manning
Joshua Dutill
Stradley Ronon Stevens & Young, LLP
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002-2223
(856) 321-2400
(856) 321-2415 (fax)
fmanning@stradley.com
jdutill@stradley.com

*Attorneys for Defendant*